EDWARD R. McGLYNN, trustee of James L. Kempthorne, bankrupt, complainant,

*v.*

JAMES L. KEMPTHORNE et al., defendants.

[Decided June 19th, 1929.]

*Mr. William A. Lord,* for the complainant.

*Mr. John A. Bernhard,* for the defendants.

BACKES, V. C.

James L. Kempthorne filed a voluntary petition in bankruptcy in June, 1927. About the same time his wife acquired title to her home in Maplewood in which she invested $2,500. The trustee in bankruptcy seeks to impress the property with a trust in favor of the bankrupt's estate, claiming that the bankrupt furnished the $2,500 purchase price and took title in his wife's name in fraud of creditors; and failing in that, the trustee seeks to impress the property with a trust for $2,500, charging that the purchase price was paid by the wife out of money received from the bankrupt in payment of a debt due her while he was bankrupt and within four months before the filing of the petition in bankruptcy, contrary to section 96 of the Bankruptcy act.

It is established that the money paid in the purchase of the property belonged to the wife, not the bankrupt.

There is no evidence of bankruptcy before the date of filing of the petition, and the proof is that the debt was repaid to the wife more than four months before its filing. It came about in this manner. After the Kempthornes were married in 1924 the wife, from time to time, loaned the husband money, upwards of $5,000 for use in his business, which he repaid down to approximately $2,000. In the year before the bankruptcy, when his business was apparently flourishing, it was arranged that the husband should invest the balance due his wife, or as much of it as was required, in a joint real estate venture which turned out profitably. He invested of her money $1,500 upon which a profit of $4,000 was realized just before the petition in bankruptcy. Out of the net return the husband took $3,000 and the wife $2,500, and with her share she purchased the premises in suit. The trustee's contention that the $2,500 was a preferential payment of her debt within four months of the bankruptcy is without merit. The payment took place at the time of the investment, the year before bankruptcy. That was the arrangement. That is the undisputed and unimpeached testimony, all of which comes from the defense produced by the trustee, and to which he is committed. The unfavorable inferences which he seeks to draw from it does not sustain the charge of fraud, and no violation of the Bankruptcy act appearing, the bill will be dismissed.